B1 (Official Form 1) (12/11)

# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

**VOLUNTARY PETITION**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>Personal Communications Devices, LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>26-2744171 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>80 Arkay Drive<br>Hauppauge, NY<br>ZIP CODE 11788 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Suffolk | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>80 Arkay Drive<br>Hauppauge, NY<br>ZIP CODE 11788 | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check **one** box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check **one** box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check **one** box.)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)
- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] |

Estimated Liabilities
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] |

Case 8-13-74303-ast    Doc 1    Filed 08/19/13    Entered 08/19/13 23:07:58
Case 2:13-cv-05186-ADS-GRB   Document 1-1   Filed 09/18/13   Page 2 of 18 PageID #: 10

B1 (Official Form 1) (12/11) Page 2

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): Personal Communications Devices, LLC |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: Personal Communications Devices Holdings, LLC | Case Number: | Date Filed: |
|---|---|---|
| District: Eastern District of New York | Relationship: Parent | Judge: |

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
    Signature of Attorney for Debtor(s)     (Date)

**Exhibit C**
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**
(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (12/11) — Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Personal Communications Devices, LLC |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>Telephone Number (if not represented by attorney)<br><br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X   /s/ Emanuel C. Grillo<br>Signature of Attorney for Debtor(s)<br>Emanuel C. Grillo<br>Printed Name of Attorney for Debtor(s)<br>Goodwin Procter LLP<br>Firm Name<br>The New York Times Building, 620 8th Ave.<br>New York, New York 10018<br>Address<br>(212) 813-8800<br>Telephone Number<br>08/19/2013<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br>Signature<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

| Signature of Debtor (Corporation/Partnership) |
|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X  [signature]<br>Signature of Authorized Individual<br>Raymond F. Kunzmann<br>Printed Name of Authorized Individual<br>Chief Financial Officer<br>Title of Authorized Individual<br>08/19/2013<br>Date |

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

As of the date hereof, each of the entities listed below is an affiliated debtor and has concurrently filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. A motion has been filed, or shortly will be filed, with the United States Bankruptcy Court for the Eastern District of New York requesting that the chapter 11 cases of the debtors listed below be consolidated for procedural purposes only and jointly administered.

1. **Personal Communications Devices Holdings, LLC**
2. **Personal Communications Devices, LLC**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
www.nyeb.uscourts.gov

STATEMENT PURSUANT TO LOCAL
BANKRUPTCY RULE 1073-2(b)

**DEBTOR(S):** Personal Communications Devices, LLC        **CASE NO.:**_____

Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor *(or any other petitioner)* hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

[NOTE: Cases shall be deemed "Related Cases" for purposes of E.D.N.Y. LBR 1073-1 and E.D.N.Y. LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases: (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one or more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]

☑ **NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.**

☐ **THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:**

1. **CASE NO.:**_____ **JUDGE:**_____ **DISTRICT/DIVISION:**_____

**CASE STILL PENDING (Y/N):**_____   [*If closed*] **Date of closing:**_____

**CURRENT STATUS OF RELATED CASE:**_____
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above)*:_____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASE:**_____

_____

2. **CASE NO.:**_____ **JUDGE:**_____ **DISTRICT/DIVISION:**_____

**CASE STILL PENDING (Y/N):**_____   [*If closed*] **Date of closing:**_____

**CURRENT STATUS OF RELATED CASE:**_____
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above)*:_____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASE:**_____

_____

(OVER)

**DISCLOSURE OF RELATED CASES (cont'd)**

3. CASE NO.:_____  JUDGE:_____  DISTRICT/DIVISION:_____

CASE STILL PENDING (Y/N):_____    [*If closed*] **Date of closing:**_____

**CURRENT STATUS OF RELATED CASE:**_____
**(Discharged/awaiting discharge, confirmed, dismissed, etc.)**

**MANNER IN WHICH CASES ARE RELATED** (*Refer to NOTE above*):_____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASE:**_____

_____


*NOTE:* **Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not be eligible to be debtors.  Such an individual will be required to file a statement in support of his/her eligibility to file.**


**TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:**

**I am admitted to practice in the Eastern District of New York (Y/N):** Y____


**CERTIFICATION (to be signed by pro se debtor/petitioner or debtor/petitioner's attorney, as applicable):**

**I certify under penalty of perjury that the within bankruptcy case is not related to any case now pending or pending at any time, except as indicated elsewhere on this form.**


| | |
|---|---|
| /s/ Emanuel C. Grillo | /s/ Raymond F. Kunzmann |
| **Signature of Debtor's Attorney** | **Signature of Pro Se Debtor/Petitioner** |
| Emanuel C. Grillo | 80 Arkay Drvie |
| Goodwin Procter LLP | **Mailing Address of Debtor/Petitioner** |
| The New York Times Building | |
| 620 Eighth Avenue | Hauppauge, NY 11788 |
| New York, NY 10018 | **City, State, Zip Code** |
| (212) 813-8880 | |
| egrillo@goodwinprocter.com | **Email Address** |
| Counsel for Personal Communications Devices, LLC | |
| | **Area Code and Telephone Number** |


**Failure to fully and truthfully  provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or the dismissal of the case with prejudice.**

**NOTE**: **Any change in address must be reported to the Court immediately IN WRITING.  Dismissal of your petition may otherwise result.**

USBC - 17     Rev 09/15/11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| PERSONAL COMMUNICATIONS | ) | Case No. 13- |
| DEVICES, LLC, *et al.*,[1] | ) | 13- |
| | ) | |
| Debtors. | ) | (Joint Administration |
| | ) | Requested) |

### CONSOLIDATED LIST OF CREDITORS
### HOLDING THIRTY LARGEST UNSECURED CLAIMS

The following is a consolidated list of the creditors holding the THIRTY largest unsecured claims against the debtor and its affiliated debtors (collectively, the "Debtors"). The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the thirty largest unsecured claims.

The list of creditors contains only those creditors whose names and addresses were maintained in the Debtors' consolidated database or were otherwise ascertainable by the Debtors prior to the commencement of these cases. The schedules of liabilities to be filed subsequently should be consulted for a list of the Debtors' creditors that is comprehensive and current as of the date of the commencement of these cases.

The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not and shall not constitute an admission of liability by, nor is it binding upon, the Debtors. Moreover, nothing herein shall affect any of the Debtors' rights to challenge the validity, priority, amount or characterization of any claim at any later point as they deem appropriate.

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Personal Communications Devices, LLC, a Delaware limited liability company (4171) and Personal Communications Devices Holdings, LLC, a Delaware limited liability company (4096). The Debtors' mailing address is 80 Arkay Drive, Hauppauge, Suffolk County, NY 11788.

|  | NAME OF CREDITOR, COMPLETE MAILING ADDRESS, AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM *(bond debt, trade debt, bank loan, government contracts, etc.)* | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM *(if secured, also state value of security)* |
|---|---|---|---|---|
| 1. | HTC America, Inc. | Trade Debt | CUD | $96,273,931 |
| 2. | Pantech Co., Ltd. | Trade Debt | CUD | $27,369,762 |
| 3. | TCT Mobile Multinational | Trade Debt | CUD | $21,420,131 |
| 4. | Pantech Wireless, Inc. | Trade Debt | CUD | $18,848,000 |
| 5. | Huawei Device USA | Trade Debt | CUD | $4,912,438 |
| 6. | ZTE (USA), Inc. | Trade Debt | CUD | $4,100,741 |
| 7. | Wistron NeWeb Corporation | Trade Debt | CUD | $1,614,564 |
| 8. | M Seven System, Ltd. | Trade Debt | CUD | $1,202,999 |
| 9. | CynergyHitech | Trade Debt | CUD | $627,315 |
| 10. | Shine Electronics Co., Inc. | Trade Debt | CUD | $485,839 |
| 11. | ATC Logistics & Electronics, Inc. | Trade Debt | CUD | $453,387 |
| 12. | Fashion Forward Worldwide Corporation | Trade Debt | CUD | $186,576 |
| 13. | Transparent Container Company, Inc. | Trade Debt | CUD | $111,575 |
| 14. | Primeline Services LLC | Trade Debt | CUD | $110,554 |
| 15. | American Express Co. | Trade Debt | CUD | $102,719 |
| 16. | Nexius Solutions, Inc. | Trade Debt | CUD | $96,631 |
| 17. | Rechler Equity Construction, LLC | Trade Debt | CUD | $93,703 |
| 18. | Andrews International, Inc. | Trade Debt | CUD | $79,309 |
| 19. | LBA Realty, LLC | Trade Debt | CUD | $68,825 |
| 20. | Rep 80 Arkay Drive, LLC | Trade Debt | CUD | $68,034 |
| 21. | Selective Personnel, Inc. | Trade Debt | CUD | $67,026 |
| 22. | Air City, Inc. | Trade Debt | CUD | $63,967 |
| 23. | Corning Data Services, Inc. | Trade Debt | CUD | $47,602 |
| 24. | Onecap Services, LLC | Trade Debt | CUD | $46,628 |

|  | NAME OF CREDITOR, COMPLETE MAILING ADDRESS, AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM *(bond debt, trade debt, bank loan, government contracts, etc.)* | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM *(if secured, also state value of security)* |
|---|---|---|---|---|
| 25. | Covenant Transportation | Trade Debt | CUD | $42,970 |
| 26. | Pilot Freight Services | Trade Debt | CUD | $41,448 |
| 27. | Federal Express Corporation | Trade Debt | CUD | $38,377 |
| 28. | Cricket Communications | Trade Debt | CUD | $35,000 |
| 29. | The Richards Group | Trade Debt | CUD | $28,377 |
| 30. | United Parcel Service | Trade Debt | CUD | $24,790 |

LIBNY/5249685.1

### DECLARATION OF RAYMOND F. KUNZMANN
### UNDER PENALTY OF PERJURY ON
### BEHALF OF PERSONAL COMMUNICATIONS DEVICES, LLC

I, Raymond F. Kunzmann, Chief Financial Officer of Personal Communications Devices, LLC, the debtor referred to in the above voluntary petition, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing list of creditors holding thirty (30) largest unsecured claims and that it is true and correct to the best of my knowledge, information, and belief.

Hauppauge, New York
Dated: August 19, 2013

                                        PERSONAL COMMUNICATIONS
                                        DEVICES, LLC


                                        By:   /s/ Raymond F. Kunzmann
                                             Raymond F. Kunzmann
                                             Chief Financial Officer of the Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| PERSONAL COMMUNICATIONS | ) | Case No. 13- |
| DEVICES, LLC, *et al.*,[2] | ) | 13- |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## CORPORATE OWNERSHIP STATEMENT

Personal Communications Devices, LLC (the "Debtor"), pursuant to Federal Rules of Bankruptcy Procedure 1007 and 7007.1, files this Corporate Ownership Statement, respectfully showing the Court as follows:

- Personal Communications Devices Holdings, LLC owns 100% of the equity interests in the Debtor.

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF PERSONAL COMMUNICATIONS DEVICES, LLC

I, Raymond F. Kunzmann, Chief Financial Officer of the Debtor, declare under penalty of perjury that I have read the foregoing statement and it is true and correct to the best of my knowledge, information and belief.

Hauppauge, New York
Dated: August 19, 2013

By: __/s/ Raymond F. Kunzmann__
Raymond F. Kunzmann
Chief Financial Officer of the Debtor

---

[2] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Personal Communications Devices, LLC, a Delaware limited liability company (4171) and Personal Communications Devices Holdings, LLC, a Delaware limited liability company (4096). The Debtors' mailing address is 80 Arkay Drive, Hauppauge, Suffolk County, NY 11788.

**Written Consent of the Sole Manager of
Personal Communications Devices, LLC**

**August 16, 2013**

Pursuant to the provisions of the Delaware Limited Liability Company Act, the undersigned, being the sole member and manager (the "Member" and the "Manager") of Personal Communications Devices, LLC, a Delaware limited liability company (the "Company"), hereby consents to and adopts the following resolutions by this written consent, effective as of the date set forth above.

I. **Ratification of Asset Purchase Agreement**

WHEREAS, the Manager has considered the Asset Purchase Agreement, in substantially the form attached hereto as Exhibit A (the "Asset Purchase Agreement"), proposed to be entered into by and among Personal Communications Devices Holdings, LLC, a Delaware limited liability company ("Holdings"), the Company, Q1W Newco, LLC, a Delaware limited liability company ("Buyer") and Quality One Wireless, LLC, a Nevada limited liability company ("Quality One"), an affiliate of Buyer, pursuant to which Buyer will acquire from the Company all of the Purchased Assets and assume from the Company all of the Assumed Liabilities (each as defined in the Asset Purchase Agreement) (collectively, the "Asset Sale");

WHEREAS, in connection with the Asset Sale, the Company will enter into the agreements, certificates, instruments and other documents, including the exhibits, referenced in the Asset Purchase Agreement to which it is a party (collectively, the "Seller Documents" and, together with the Asset Purchase Agreement, the "Transaction Documents"); and

WHEREAS, the Manager has reviewed the contents, terms and obligations of the Asset Purchase Agreement, the Seller Documents, the Asset Sale and the other transactions contemplated thereunder, and, after careful consideration, the Manager has determined that each of the Asset Purchase Agreement, each of the Seller Documents, the Asset Sale and the other transactions contemplated thereunder, is expedient and in the best interest of the Company.

NOW, THEREFORE, BE IT:

RESOLVED, that the terms and conditions of the Asset Purchase Agreement and each of the Seller Documents and the transactions contemplated thereby, all on substantially the terms and conditions as set forth or referred to in the Asset Purchase Agreement or such Seller Documents, including without limitation the Asset Sale for the consideration specified therein, and the performance by the Company of its obligations thereunder are hereby authorized and approved in all respects;

RESOLVED FURTHER, that the Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, President and Secretary of the Company (collectively, the "Authorized Officers" and each an "Authorized Officer") are, and each of such Authorized Officers acting alone is, hereby authorized, empowered and directed, for and in the name and on behalf of the

Company, to execute and deliver the Asset Purchase Agreement and each of the Seller Documents, with such changes, additions and deletions as any Authorized Officer executing such instrument on behalf of the Company may deem necessary or appropriate for the purposes of carrying out the intent and purposes of these resolutions, which approval shall be evidenced by the execution and delivery of the Asset Purchase Agreement and Seller Documents, and to cause the Company to perform its obligations under the Asset Purchase Agreement and each of the Seller Documents;

RESOLVED FURTHER, that the Authorized Officers are, and each of such Authorized Officers acting alone is, hereby authorized, empowered and directed to take, or cause the Company or any of its subsidiaries to take, any and all actions such Authorized Officers or Officer may deem necessary or appropriate in order to make such filings, applications and submissions with such regulatory officials or agencies as may be necessary or appropriate in connection with the Asset Sale and the transactions contemplated under the Asset Purchase Agreement and the Seller Documents, and the delivery of any such document shall be conclusive of such Authorized Officer's authority and of the approval thereof by the Manager;

RESOLVED FURTHER, that the Authorized Officers are, and each of such Authorized Officers acting alone is, hereby authorized to cause the Company to pay all fees and expenses incurred in connection with the Asset Purchase Agreement and transactions contemplated thereby, the Asset Sale and the Seller Documents, and to take all other actions necessary or appropriate in connection with the foregoing;

RESOLVED FURTHER, that all prior actions taken by the Authorized Officers with respect to the preparation and negotiation of the Transaction Documents and otherwise in connection with effecting the purposes and intent of the Transaction Documents be, and hereby each of them is, authorized, ratified and approved in all respects; and

RESOLVED FURTHER, that the Authorized Officers be, and each of them hereby is, authorized and directed, for and on behalf of the Company, to take any and all actions that they may deem necessary or advisable with respect to the Transaction Documents and to consummate the transactions as contemplated by the Transaction Documents, including without limitation the execution and delivery of any and all documents, certificates and agreements contemplated by any Transaction Document (including any authorized amendment, modification or supplement thereto) or as may otherwise be necessary or advisable to carry out the intent and accomplish the purpose of the foregoing resolutions.

II.   **Ratification of Escrow Agreement**

WHEREAS, in connection with the Asset Sale, the Manager has considered the Escrow Agreement, in substantially the form attached hereto as Exhibit B (the "Escrow Agreement"), proposed to be entered into by and among Holdings, the Company, Buyer and BNY Mellon, National Association (the "Escrow Agent"), pursuant to which Buyer and Quality One will deposit into escrow two million five hundred thousand dollars ($2,500,000.00) in accordance with, and pursuant to, the terms and conditions of the Asset Purchase Agreement; and

WHEREAS, the Manager has reviewed the contents, terms and obligations of the Escrow Agreement and the transactions contemplated thereby and, after careful consideration, the Manager has determined that the Escrow Agreement and the transactions contemplated thereunder are expedient and in the best interest of the Company.

NOW, THEREFORE, BE IT:

RESOLVED, that the terms and conditions of the Escrow Agreement and the transactions contemplated thereby, all on substantially the terms and conditions as set forth or referred to in the Escrow Agreement, and the performance by the Company of its obligations thereunder are hereby authorized and approved in all respects.

RESOLVED FURTHER, that the Authorized Officers are, and each of such Authorized Officers acting alone is, hereby authorized, empowered and directed, for and in the name and on behalf of the Company, to execute and deliver the Escrow Agreement with such changes, additions and deletions as any Authorized Officer executing such instrument on behalf of the Company may deem necessary or appropriate for the purposes of carrying out the intent and purposes of these resolutions, which approval shall be evidenced by the execution and delivery of the Escrow Agreement and to cause the Company to perform its obligations under the Escrow Agreement.

### III.   Bankruptcy Filing and Related Matters

WHEREAS, the Manager has determined that, in light of current circumstances and after consultation with the Company's legal and financial advisors, it is desirable and in the best interests of the Company, its creditors, employees, and other interested parties to file a petition seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

NOW, THEREFORE, BE IT:

RESOLVED, that  the Authorized Officers be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and verify a petition under chapter 11, thereby commencing a case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") and to cause the same to be filed in the Bankruptcy Court of the Eastern District of New York (the "Bankruptcy Court") at such time as the Authorized Officer executing the petition shall determine;

RESOLVED FURTHER, that the law firm of Goodwin Procter LLP be, and hereby is, engaged as attorneys for the Company under a general retainer in the Chapter 11 Case, subject to the approval of the Bankruptcy Court;

RESOLVED FURTHER, that the firm of Togut, Segal & Segal LLP is hereby engaged as conflicts counsel for the Company in the Chapter 11 Case, subject to the approval of the Bankruptcy Court;

RESOLVED FURTHER, that Epiq Bankruptcy Solutions, LLC be, and hereby is, engaged as claims and noticing agent for the Company under a general retainer in the Chapter 11 Case, subject to the approval of the Bankruptcy Court;

RESOLVED FURTHER, that the firm of BG Strategic Advisors, LLC is hereby engaged as financial advisor and investment banker for the Company in the Chapter 11 Case, subject to the approval of the Bankruptcy Court;

RESOLVED FURTHER, that the firm of Richter Consulting, Inc. is hereby engaged as financial advisor for the Company in the Chapter 11 Case, subject to the approval of the Bankruptcy Court;

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized, empowered, and directed to: (i) execute and file the petition, all schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain assistance by legal counsel, accountants, financial advisors, and other professionals, (ii) negotiate, execute, and deliver a debtor-in-possession loan facility, and (iii) perform any and all further acts and deeds that such Authorized Officers deem necessary, proper, or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such case; and

RESOLVED FURTHER, that in connection with the Chapter 11 Case, (a) the Manager authorizes and approves (i) the Company's execution, delivery and performance of its obligations under that certain debtor-in-possession credit agreement, in substantially the form attached hereto as Exhibit C and with such changes thereto as the Authorized Officers executing the same shall approve (the "Credit Agreement"), proposed to be entered into by and among the Company, Holdings, the lenders party thereto (the "Lenders"), and JPMorgan Chase Bank, N.A., as administrative agent for the Lenders, and any security agreements, guarantee agreements, other agreements, notes, consents, certificates, amendments, assignments and instruments by the Company in connection therewith (the "Credit Documents" and together with the Credit Agreement, the "Financing Documents"), (ii) the granting of a security interest by the Company in the assets of the Company as collateral security and the guaranty of the obligations of the Company under the Financing Documents, (iii) all borrowings by the Company from the Lenders from such amounts as may be available to the Company under the Credit Agreement, such borrowings to have the maturity, to be payable and prepayable and bear interest at the rates specified in the Credit Agreement; and that each Authorized Officer is authorized, empowered and directed from time to time, on behalf of the Company, to cause the Company to borrow from the Lenders from time to time such amounts as may be available under the Credit Agreement, the making of such borrowings to be conclusive evidence that the same has been authorized by the Manager and (iv) any transactions effected or to be effected pursuant to the terms and provisions of the Financing Documents, and (b) any Authorized Officer be, and hereby is, authorized and empowered, in the name and on behalf of the Company, to negotiate, execute, deliver, and perform or cause the performance of the Company's obligations under any Financing Document with such changes, amendments, supplements, additions or other modifications to the Financing Documents as any Authorized Officer executing same shall approve as being necessary or desirable, such approval to be evidenced by such execution, as such Authorized Officer executing the same considers necessary, appropriate, proper, or desirable to effectuate the transactions contemplated by the Financing Documents and other financing arrangements

necessary, appropriate, proper, or desirable in the interest of the Company in connection with the Chapter 11 Case, such determination to be conclusively evidenced by such execution or taking of such action.

## IV.  General Authority and Ratification

RESOLVED, that each Authorized Officer be, and each acting alone is, hereby authorized, empowered and directed, for and on behalf of the Company, to (i) take or cause to be taken any and all actions, including, without limitation, the execution, acknowledgment, filing and delivery of any and all papers, agreements, documents, instruments and certificates, as such Authorized Officers may deem necessary or advisable to carry out and perform the obligations of the Company under the foregoing resolutions, (ii) consummate the transactions contemplated thereby, and otherwise carry out the purposes and intent of the foregoing resolutions, (iii) incur and pay or cause to be paid all fees, expenses, and taxes, including without limitation, legal fees and expenses; (iv) engage such persons as Authorized Officer shall in his judgment determine to be necessary, appropriate or desirable, and in each case, the performance of any such acts and the execution, acknowledgment, filing and delivery by such Authorized Officers of any such papers, agreements, documents, instruments and certificates shall conclusively evidence their authority therefor;

RESOLVED FURTHER, that any Authorized Officer or manager of the Company is authorized to do or cause to be done any and all such acts and things and execute and deliver any and all documents and papers as they may deem appropriate to carry out the purposes of the foregoing resolutions and each of the transactions contemplated thereby;

RESOLVED FURTHER, that any and all actions taken and all agreements, instruments, reports and documents executed, delivered, or filed from the date of formation of the Company through the date hereof by any Authorized Officer or manager of the Company in the name of and on behalf of the Company, in connection with, and consistent with, any of the foregoing resolutions hereby are approved, ratified and confirmed in all respects;

RESOLVED FURTHER, that this consent may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall be considered one and the same instrument; and that this consent may be executed by facsimile; and

RESOLVED FURTHER, to direct that this consent be filed with the records of the meetings of the Company.

[*Remainder of page intentionally left blank*]

IN WITNESS WHEREOF, the undersigned being the sole member and manager of Personal Communications Devices, LLC has caused this Written Consent to be executed, effective as of the date set forth above.

        PERSONAL COMMUNICATIONS DEVICES
        HOLDINGS, LLC

        _____
        Name:  George Appling
        Title:    Manager

[*Manager Consent of Personal Communications Devices, LLC (APA and Bankruptcy Filings)*]

[Exhibits Intentionally Omitted]